ON ORDER TO SHOW CAUSE

W. SHARP, Judge.
It initially appeared to this court that White’s appeal from his judgment and sentence in a criminal ease should be dismissed for lack of jurisdiction. They were rendered on June 28, 1995, but the notice of appeal was not filed until March 17,1998.
In response to a show cause order, White alleged he was represented by private counsel at trial. At his sentencing, he stated he wished to appeal and was told an attorney would be appointed to represent him. The trial attorney, however, never filed a notice of appeal.
In June of 1997, White filed a motion for post-conviction relief directed to the trial *767 court, claiming his trial counsel had been ineffective because he had failed to file a notice of appeal. The state conceded that White was entitled to a belated appeal. On February 16,1998, the trial court entered an order granting a belated appeal to White.
The difficulty is that at the time White filed his motion for post-conviction relief, Florida Rule of Appellate Procedure 9.140(j) had become effective (January 1,1997) and it changed the route which convicted defendants must follow in order to obtain a belated appeal because of ineffective assistance of appellate counsel. Pursuant to the amended rule, such petitions are directed to the appellate court to which the appeal was or should have been taken — not the trial court.
We elect to treat White’s response filed with this court as a petition seeking a belated appeal, and we grant it. The response and supporting documents attached appear to meet all of the requirements of rule 9.140(j)(2) to obtain such relief. And we note, the state conceded in its Response filed in the trial court, that White is entitled to file a belated appeal in this ease.
Belated Appeal GRANTED.
COBB and THOMPSON, JJ., concur.